UNITED STATES DISTRICT COURT WESTERN DISCTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| PARKER TIKSON,<br><br>    Plaintiff,<br><br>    v.<br><br>AMICA MUTUAL INSURANCE COMPANY, a Rhode Island corporation doing business in the state of Washington,<br><br>    Defendant. | No.<br><br>COMPLAINT FOR VIOLATION OF INSURANCE FAIR CONDUCT ACT, BREACH OF CONTRACT, BAD FAITH, VIOLATION OF THE CONSUMER PROTECTION ACT, AND NEGLIGENCE |

# I. PARTIES

1.1   At all relevant times plaintiff Parker Tikson was a resident of King County, Washington.

1.2   At all relevant times, Defendant Amica Mutual Insurance Company ("Amica") was a foreign corporation doing business in King County, Washington as a seller and issuer of automobile insurance.

1.3   At all relevant times, Defendant Amica accepted premiums from Michael & Peggy Tikson in exchange for the promise to provided Underinsured Motorist pursuant to policy number 98021220TT and file number 60002986367.

COMPLAINT -1

STRITMATTER KESSLER
KOEHLER MOORE
3600 15th Ave W, Ste. 300
Seattle WA 98119
Tel: 206-448-1777
Fax: 206-728-2131

## II. VENUE AND JURISDICTION

2.1     Plaintiff brings this action pursuant to 28 U.S.C. § 1332(a) on the basis of diversity of citizenship and on the basis that the amount in controversy exceeds the jurisdictional amount of $75,000 as therein provided.

2.2     Venue is proper in the Western District of Washington at Seattle because this case involves a claim for UIM benefits following a car crash that occurred in King County, Washington which is within this Court's geographic region.

2.3     The underlying October 29, 2017, car crash described in this Complaint occurred in King County, Washington.

2.4     The at-fault driver for the underlying collision had insufficient liability insurance to fully compensate Plaintiff Tikson for collision-related injuries and losses.

2.5     Plaintiff Tikson submitted an underinsured motorist (UIM) claim to Defendant Amica in King County, Washington.

2.6     Defendant Amica conducted discovery and defended against Plaintiff Tikson's UIM claim in King County, Washington.

2.7     On January 25, 2023, a binding arbitration took place between Parker Tikson and Defendant Amica to determine the amount of damages Plaintiff Tikson would have been legally entitled to recover from the underinsured, at-fault driver.

2.8     Defendant Amica transacts business in King County, Washington presently and at all relevant times giving rise to these claims.

2.9     Notice of claims under Washington State's Insurance Fair Conduct Act ("IFCA") has been properly served. See Exhibit 1, incorporated herein. Commencement of this action and claims under IFCA may be pursued, and this Court has jurisdiction to adjudicate those claims.

COMPLAINT -2

STRITMATTER KESSLER
KOEHLER MOORE
3600 15th Ave W, Ste. 300
Seattle WA 98119
Tel: 206-448-1777
Fax: 206-728-2131

2.10 Any other applicable claims filing requirements have been met and this action is timely commenced.

### III.   FACTS

3.1 On October 29, 2017, Mr. Tikson drove southbound on Interstate 5 around 7:00 pm in King County, Washington. The weather was clear and the road was dry.

3.2 Mr. Tikson drove his silver Subaru Outback and had two passengers with him. Mr. Tikson slowed for traffic ahead when he was rear ended by a Dodge Ram truck driven by Tomas Castellon.

3.3 The collision pushed Mr. Tikson's car into the vehicle in front of him, a Volkswagen Jetta. Mr. Tikson immediately suffered injuries from the collision.

3.4 As a direct and proximate result of the negligence of Mr. Tomas Castellon, Plaintiff Parker Tikson suffered personal injuries.

3.5 On June 30, 2021, Mr. Tikson, through counsel requested policy limits of $50,000.00 from Mr. Castello's insurance carrier, State Farm.

3.6 On July 9, 2021, Mr. Tikson, through counsel, contacted Amica to let it know that Mr. Castello's insurance company, State Farm, had tendered the policy limits of $50,000.00 and gave Amica the option to "buy out" the offer in order to preserve Amica's rights against the underinsured motorist.

3.7 On August 12, 2021, Mr. Tikson, through counsel, again contacted Amica to let it know of the third-party policy limits offer, and requested receipt of the letter by August 18, 2021. Mr. Tikson stated that if they did not respond by August 19, 2021, that he would assume it received the July 12, 2021, letter and that Amica did not want to advance payment to preserve its rights

COMPLAINT -3

STRITMATTER KESSLER
KOEHLER MOORE
3600 15th Ave W, Ste. 300
Seattle WA 98119
Tel: 206-448-1777
Fax: 206-728-2131

against the underinsured motorist. Mr. Tikson also included materials and records supporting payment of his UIM policy limits of $250,000.

3.8     After presumably reviewing all of Plaintiff Parker's medical expenses, lost wages, other economic damages, non-economic damages, and liens, on August 31, 2021, Amica responded to the July 12, 2021, letter offering $35,000.00 in UIM benefits.  Amica stated that if its offer of UIM benefits was not accepted, it would continue the evaluation of the UIM claim but would need to following documentation:

    3.8.1   Mr. Tikson's college transcript.

    3.8.2   Mr. Tikson's Amazon employment file.

    3.8.3   A complete set of primary care physician records covering the period from October 29, 2012 to October 28, 2017.

    3.8.4   All medical records and diagnostic test results related to the 2013 concussion referenced in the submitted medical records.

    3.8.5   All medical records related to the febrile illness Mr. Tikson had in college according to the submitted medical records.

    3.8.6   Contact information for the four declarants outlined in the declarations submitted to Amica.

    3.8.7   Photographs of the two other vehicles involved in the motor vehicle collision.

    3.8.8   Any additional treatment medical bills and records not previously submitted.

3.9     On September 17, 2021 Mr. Tikson, through counsel, wrote Amica a rebuttal letter asking for the $250,000.00 in UIM policy limits.  Mr. Tikson enclosed all additional documents Amica requested.

COMPLAINT -4

STRITMATTER KESSLER
KOEHLER MOORE
3600 15th Ave W, Ste. 300
Seattle WA 98119
Tel: 206-448-1777
Fax: 206-728-2131

3.10    On October 28, 2021, Mr. Tikson filed a complaint against Amica for personal injuries in King County, cause number 21-2-14399-3.

3.11    On November 24, 2021, Amica, through its counsel, removed the case to federal court under case number 2:21-cv-01584-RSL.

3.12    On January 20, 2022, Amica answered the Complaint and asserted that any dispute brought under Mr. Tikson's policy was subject to binding arbitration.

3.13    On January 31, 2022, Amica, through counsel, sent a formal demand for arbitration under the language of the Amica insurance policy (98021220TT) which included an endorsement regarding underinsured motorist coverage (PP 04 47 01 15).

3.14    On February 28, 2022, Amica agreed with Mr. Tikson's proposal that:

    3.14.1   The parties would stipulate putting the case into binding arbitration pursuant to the terms and conditions of the insurance policy.

    3.14.2   The parties will stipulate to having the pending lawsuit dismissed without prejudice.

3.15    On March 11, 2022, the court dismissed the claim pursuant to a stipulated motion signed by both parties.

3.16    On July 29, 2022, the parties agreed to arbitrate this matter with retired King County Superior Court Judge Paris K. Kallas at Judicial Dispute Resolution.

3.17    On January 25, 2023, the parties arbitrated the UIM matter.  Judge Kallas determined that Mr. Tikson damages and losses from the 2017 collision totaled $468,006.40 (i.e., $418,006.40 more than the at-fault driver's available liability coverage of $50,000).

3.18    On January 28, 2023, Amica, through counsel, requested plaintiff's W9 and "check payable" details.

STRITMATTER KESSLER
KOEHLER MOORE
3600 15th Ave W, Ste. 300
Seattle WA 98119
Tel: 206-448-1777
Fax: 206-728-2131

3.19 On March 13, 2023, Mr. Tikson, through counsel, responded to Amica's request for payment information by offering to release Amica from a bad faith claim/ IFCA damages if Amica would pay Judge Kallas' arbitration award (less the $50,000 third-party limits) if Amica was willing to accept that offer within 15 days.

3.20 On March 23, 2023, Amica sent a check in the amount of $195,000.00 and a letter stating that it "has a different view of the matter."

3.21 In spite of the fact that Amica had already availed itself of this Court's jurisdiction in the previous iteration of this case (case number 2:21-cv-01584-RSL) which was dismissed without prejudice, on July 7, 2023, Amica filed a complaint for declaratory judgment in the United States District Court for the Northern District of Illinois Eastern Division.

3.22 On August 22, 2023, Mr. Tikson, through counsel, sent an IFCA notice to the Washington State Office of the Insurance Commissioner and a copy of the IFCA notice to Amica, both sent via certified mail.

## IV. CONTRACT OF INSURANCE COVERAGE

4.1 Amica Insurance Policy Underinsured Benefits. An insured is entitled to UIM benefits under Mr. Tikson's Amica policy. Under the terms of Mr. Tikson's policy, UIM benefits up to the policy limits are to be paid as compensatory damages as a result of bodily injuries and property damage sustained in a collision with an Underinsured Motor vehicle.

4.2 At all relevant times, Amica policy number 98021220TT remained in full force and effect, providing UIM coverage to Plaintiff Parker.

4.3 At all relevant times, tortfeasor Tomas Castellon was an underinsured driver; the limits of his insurance policy did not suffice to fully compensate Mr. Tikson for the injuries and damages he suffered in the October 29, 2017 collision.

COMPLAINT -6

STRITMATTER KESSLER
KOEHLER MOORE
3600 15th Ave W, Ste. 300
Seattle WA 98119
Tel: 206-448-1777
Fax: 206-728-2131

4.4 At all relevant times, Mr. Tikson remained entitled to UIM benefits per the Amica policy described above.

V. **CLAIM NO. 1 BREACH OF CONTRACT** Plaintiff incorporates all the preceding paragraphs as if fully set forth in full below.

5.2 The insurance policy is a valid, enforceable contract.

5.3 Plaintiff Tikson is entitled to full compliance with the policy.

5.4 Plaintiff Tikson is entitled to coverage and every benefit available to Plaintiff under the policy.

5.5 Defendant Amica owes Plaintiff Tikson full UIM benefits but refuses to pay those UIM benefits to him.

5.6 Plaintiff Tikson seeks judgment with respect to all coverages and benefits that apply to the facts of this case, including benefits for multiple losses.

5.7 Amica is in breach of contract because it has refused to pay full UIM benefits to Plaintiff Tikson per the terms of the applicable Amica policy.

5.8 Plaintiff Tikson has sustained damage in an amount to be proven at trial.

5.9 In addition to Plaintiff's damages, Amica is liable for reasonable attorney fees and costs under *Olympic Steamship Co. v. Centennial Insurance Co.*, 117 Wn.2d 37, 51-53, 811 P.2d 673 (1991).

VI. **CLAIM NO. 2 DEFENDANT VIOLATED IFCA**

6.1 Plaintiff Tikson incorporates all the preceding paragraphs as if fully set forth in full below.

6.2 Plaintiff Tikson is a first party insured.

COMPLAINT -7

STRITMATTER KESSLER
KOEHLER MOORE
3600 15th Ave W, Ste. 300
Seattle WA 98119
Tel: 206-448-1777
Fax: 206-728-2131

6.3     Defendant Amica unreasonably denied coverage and/or payment of benefits and therefore violated the Insurance Fair Conduct Act (IFCA).

6.4     Plaintiff Tikson does not assert that Defendant Amica is liable to him under IFCA solely because Defendant Amica violated multiple WAC regulations (e.g., WAC 280-30-330(4),(7)). The regulatory violations and other evidence relate to the handling of the claim demonstrates that Defendant Amica acted unreasonably in denying Plaintiff Tikson UIM benefits.

6.5     Defendant Amica unreasonably denied the payment of UIM benefits in spite of the known facts regarding Plaintiff Tikson's damages and losses.

6.6     Plaintiff Tikson filed the IFCA notice on August 22, 2023, and has complied with the 20-day notice requirement under IFCA.

6.7     Plaintiff Tikson is entitled to recover actual damages under IFCA, including, but not limited to, the full amount of the arbitration award (less the underlying third-party liability limits), interest, emotional distress damages, and all costs associated with filing and litigating this lawsuit.

6.8     Plaintiff Tikson is entitled to recover attorney fees and costs per IFCA, RCW 48.30.015.

### VII.    CLAIM NO. 3 DEFENDANT CONDUCTED BAD FAITH

7.1     Plaintiff Tikson incorporates all the preceding paragraphs as if fully set forth in full below.

7.2     Defendant Amica violated its duty of good faith.

7.3     Defendant Amica's conduct was unreasonable and in bad faith.

COMPLAINT -8

STRITMATTER KESSLER
KOEHLER MOORE
3600 15th Ave W, Ste. 300
Seattle WA 98119
Tel: 206-448-1777
Fax: 206-728-2131

7.4   Defendant Amica violated multiple provisions of WAC 284-30-330, including, but not limited to, WAC 284-30-330(4) and (7).

7.5   Plaintiff Tikson sustained damages and losses as a result of Defendant Amica's conduct as described herein.

7.6   Defendant Amica is liable for Plaintiff Tikson's consequential economic and noneconomic damages in addition to reasonable attorney fees and costs under *McGreevy v. Oregon Mutual Insurance Co.*, 128 Wn.2d 26, 37, 904 P.2d 731 (1995).

## VIII.   CLAIM NO. 4 CONSUMER PROTECTION ACT VIOLATION

8.1   Plaintiff Tikson incorporates all the preceding paragraphs as if fully set forth in full below.

8.2   Defendant Amica engaged in unfair or deceptive acts or practices.

8.3   Defendant Amica's conduct occurred in trade or commerce.

8.4   Defendant Amica violated multiple provisions of WAC 284-30-330, including, but not limited to, WAC 284-30-330(4) and (7).

8.5   Defendant Amica acted in bad faith.

8.6   Defendant Amica's conduct affects the public interest.

8.7   Defendant Amica's conduct caused injury to Plaintiff Tikson's "business or property," as those terms are defined for purposes of the CPA.

8.8   Plaintiff Tikson sustained damage as a result of Defendant Amica's conduct.

8.9   In addition to Plaintiff Tikson's damages, Defendant Amica is liable for attorney's fees and costs under RCW 19.86.090.

COMPLAINT -9

STRITMATTER KESSLER
KOEHLER MOORE
3600 15th Ave W, Ste. 300
Seattle WA 98119
Tel: 206-448-1777
Fax: 206-728-2131

## IX.  DAMAGES

9.1  As a result of the unreasonable and bad faith conduct of Amica as described herein, Plaintiff Tikson has sustained actual and contractual damages. These actual and contractual damages include reasonable attorney's fees and costs.

## X.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff Tikson seeks the following relief:

10.1  A judgment in favor of Plaintiff Tikson and against Defendant Amica;

10.2  An award of actual damages to be established at trial;

10.3  An award of statutory damages;

10.4  An award of reasonable attorney fees and costs;

10.5  Exemplary damages provided for by IFCA and/or the CPA;

10.6  An award of consequential damages; and

10.8  An award of all other monetary and equitable relief as to the court seems just.

DATED this 19th day of September, 2023.

**STRITMATTER KESSLER
KOEHLER MOORE**

*s/ Brad Moore*
*s/ Fred M. Rabb*
Brad J. Moore, WSBA No. 21802
Fred M. Rabb, WSBA No. 56336
3600 15th Ave W., Ste. 300
Seattle, WA 98119
Tel: 206-448-1777
Fax: 206-728-2131
Email: brad@stritmatter.com
          fred@stritmatter.com
Counsel for Plaintiff

COMPLAINT -10

STRITMATTER KESSLER
KOEHLER MOORE
3600 15th Ave W, Ste. 300
Seattle WA 98119
Tel: 206-448-1777
Fax: 206-728-2131

# Exhibit 1



# INSURANCE FAIR CONDUCT ACT (IFCA) COVER SHEET

**Complete and attach this cover sheet to your submission to the Office of the Insurance Commissioner (OIC)**

| Attn: | Submitted by: |
|---|---|
| Office of the Insurance Commissioner<br>Insurance Fair Conduct Act Claim Notification<br>Office Support Unit<br>P.O. Box 40255<br>Olympia, WA 98504-0255 | Name: Brad J. Moore<br>Law Office: Stritmatter Kessler Koehler Moore<br>Address: 3600 15th Avenue West, Ste. 300<br>Seattle WA 98119<br>Phone: 206.448.1777<br>Email: brad@stritmatter.com; sarahr@stritmatter.com<br>Date: 8.22.23 |

**RCW 48.30.015(8)(a)** - Twenty days prior to filing an action based on this section, a first party claimant must provide written notice of the basis for the cause of action to the insurer and office of the insurance commissioner. Notice may be provided by regular mail, registered mail, or certified mail with return receipt requested. Proof of notice by mail may be made in the same manner as prescribed by court rule or statute for proof of service by mail. The insurer and insurance commissioner are deemed to have received notice three business days after the notice is mailed.

**Insurance Company:** Amica Mutual Insurance Company

**First Party Claimant:** Parker Tikson

**Line of Insurance:** Automobile Insurance

**Applicable Statute:**   ☐ RCW 48.30.015 (1)    ☑ RCW 48.30.015 (5), (a) through (f)

*A cover sheet is not required however, without clear identification of the document(s) as an IFCA notice, it is possible your notice will not be recognized and recorded as such. Additionally, any documents beyond the cover sheet and the written notice of the basis for the cause of action are not required and will not be retained, e.g., exhibits. All information provided to the OIC becomes subject to the Public Records Act. Please do not include any personal or confidential information such as medical records, Social Security numbers, banking information, driver's license information, etc.*

**ATTACHMENT TO IFCA 20-DAY NOTIFICATION SHEET:**

On October 29, 2017, Mr. Tikson drove southbound on Interstate 5 around 7:00 pm in King County, Washington. The weather was clear and the road was dry.

Mr. Tikson drove his silver Subaru Outback and had two passengers with him. Mr. Tikson slowed for traffic ahead when he was rear ended by a Dodge Ram truck driven by Tomas Castellon.

The collision pushed Mr. Tikson's car into the vehicle in front of him, a Volkswagen Jetta. Mr. Tikson immediately suffered injuries from the collision.

As a direct and proximate result of the negligence of Mr. Tomas Castellon, Plaintiff Parker Tikson suffered personal injuries.

On June 30, 2021, Mr. Tikson, through counsel requested policy limits of $50,000.00 from Mr. Castello's insurance carrier, State Farm.

On July 9, 2021, Mr. Tikson, through counsel, contacted Amica to let it know that Mr. Castello's insurance company, State Farm, had tendered the policy limits of $50,000.00 and gave Amica the option to "buy out" the offer in order to preserve Amica's rights against the underinsured motorist.

On August 12, 2021, Mr. Tikson, through counsel, again contacted Amica to let it know of the third-party policy limits offer, and requested receipt of the letter by August 18, 2021. Mr. Tikson stated that if they did not respond by August 19, 2021, that he would assume it received the July 12, 2021, letter and that Amica did not want to advance payment to preserve its rights against the underinsured motorist. Mr. Tikson also included materials and records supporting payment of his UIM policy limits of $250,000.

After presumably reviewing all of Plaintiff Parker's medical expenses, lost wages, other economic damages, non-economic damages, and liens, on August 31, 2021, Amica responded to the July 12, 2021, letter offering $35,000.00 in UIM benefits. Amica stated that if its offer of UIM benefits was not

accepted, it would continue the evaluation of the UIM claim but would need to following documentation:

> Mr. Tikson's college transcript.
>
> Mr. Tikson's Amazon employment file.
>
> A complete set of primary care physician records covering the period from October 29, 2012 to October 28, 2017.
>
> All medical records and diagnostic test results related to the 2013 concussion referenced in the submitted medical records.
>
> All medical records related to the febrile illness Mr. Tikson had in college according to the submitted medical records.
>
> Contact information for the four declarants outlined in the declarations submitted to Amica.
>
> Photographs of the two other vehicles involved in the motor vehicle collision.
>
> Any additional treatment medical bills and records not previously submitted.

On September 17, 2021 Mr. Tikson, through counsel, wrote Amica a rebuttal letter asking for the $250,000.00 in UIM policy limits. Mr. Tikson enclosed all additional documents Amica requested.

On October 28, 2021, Mr. Tikson filed a complaint against Amica for personal injuries in King County, cause number 21-2-14399-3.

On November 24, 2021, Amica, through its counsel, removed the case to federal court under case number 2:21-cv-01584-RSL.

On January 20, 2022, Amica answered the Complaint and asserted that any dispute brought under Mr. Tikson's policy was subject to binding arbitration.

On January 31, 2022, Amica, through counsel, sent a formal demand for arbitration under the language of the Amica insurance policy (98021220TT) which included an endorsement regarding underinsured motorist coverage (PP 04 47 01 15).

On February 28, 2022, Amica agreed with Mr. Tikson's proposal that:

> The parties would stipulate putting the case into binding arbitration pursuant to the terms and conditions of the insurance policy.
>
> The parties will stipulate to having the pending lawsuit dismissed without prejudice.

On March 11, 2022, the court dismissed the claim pursuant to a stipulated motion signed by both parties.

On July 29, 2022, the parties agreed to arbitrate this matter with retired King County Superior Court Judge Paris K. Kallas at Judicial Dispute Resolution.

On January 25, 2023, the parties arbitrated the UIM matter. Judge Kallas determined that Mr. Tikson damages and losses from the 2017 collision totaled $468,006.40 (i.e., $418,006.40 more than the at-fault driver's available liability coverage of $50,000).

On January 28, 2023, Amica, through counsel, requested plaintiff's W9 and "check payable" details.

On March 13, 2023, Mr. Tikson, through counsel, responded to Amica's request for payment information by offering to release Amica from a bad faith claim/ IFCA damages if Amica would pay Judge Kallas' arbitration award (less the $50,000 third-party limits) if Amica was willing to accept that offer within 15 days.

On March 23, 2023, Amica sent a check in the amount of $195,000.00 and a letter stating that it "has a different view of the matter."

In spite of the fact that Amica had already availed itself of this Court's jurisdiction in the previous iteration of this case (case number 2:21-cv-01584-RSL) which was dismissed without prejudice, on July 7, 2023, Amica filed a complaint for declaratory judgment in the United States District Court for the Northern District of Illinois Eastern Division.

Mr. Tikson has asked Amica to pay the full amount of the arbitration award (less the $50,000 in third -party limits already received) per the terms of his Amica Policy, but Amica Refuses to pay that amount in UIM benefits.  Mr. Tikson requests that Amica Pay him the full amount of UIM benefits owed to him at this time.

Case 2:23-cv-01464-TL    Document 1    Filed 09/19/23    Page 16 of 16